James Jackson MARSH, Plaintiff,

v.

UNITED FRUIT COMPANY, Defendant.

United States District Court
S. D. New York.
May 10, 1960.

Jacob Rassner, New York City, for plaintiff.

Thomas H. Walker, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

The plaintiff, a seaman, sues to recover damages for an injury to his left knee which he sustained while working as a messman aboard the S. S. Junior.

At a pre-trial conference a jury was waived and the pre-trial order provided

that the only issues to be tried were as follows:

"1. Did the defendant breach its warranty of unseaworthiness?

"2. Did such breach result in injury to the plaintiff?

"3. What damages, if any, are due to the plaintiff."

The case was tried before me without a jury. It was tried principally on depositions, medical reports and hospital records, though the defendant produced a marine surveyor who testified as to physical conditions, measurements and dimensions at the scene of the accident.

The facts are as follows:

The plaintiff was employed as a messman aboard the S. S. Junior, owned and operated by defendant, between February 13, 1957 and April 18, 1957. At about 12:30 p. m. on April 12, 1957 he injured his left knee in an accident aboard ship while at sea, for which he now seeks damages.

Plaintiff's duties as messman consisted of serving meals to passengers and officers in the saloon, keeping the saloon clean, and washing dishes. Another messman did substantially the same work, and the two worked as a team. In the course of his work plaintiff passed back and forth through a short passageway leading from the galley to the saloon.

I find that at 12:30 p. m. on the day in question, while the plaintiff was in the passageway and going toward the saloon, he fell and injured himself.

■ The plaintiff contends that he was injured because of the unseaworthiness of the ship and presents two different claims of unseaworthiness. First he urges

"that the slipping was brought about in whole or in part by the fact that the plaintiff was required to rush his work due to the inadequate number of fellow seamen to perform the work required by the defendant to be performed."

The only evidence offered to support this theory is the plaintiff's statement on his deposition that on occasion he was "rushed". This is not proof that there was an inadequate number of fellow seamen to perform the work required. Here two messmen served twelve passengers plus the officers. There is nothing to indicate that this was an undue burden or that more men were necessary. It was to be expected that there would be some rush at meal times. There is no evidence to support this claim and I find that the ship was not unseaworthy in this regard.

■ Plaintiff also claims that the dishwasher in the galley leaked, that water from the leak flowed into the passageway where the accident happened, and that he slipped because the water made the passageway slippery. Such a theory is belied by the physical facts which show that this could not have occurred.

The entire galley is surrounded by a metal drain trough approximately six inches wide and three inches deep, covered by a perforated non-skid steel grating, equipped with drains to carry the water away. In addition, the passageway is over two and a half inches above the level of the galley floor and is separated from the galley by a stainless steel doorsill. Thus, any water from the dishwasher would have to flow into the six inch wide and three inch deep trough, overflow the quite adequate drains and then flow over the two and one-half inch raised doorsill. Thus, even if the dishwasher did leak, the water could not have flowed from the galley to the place where the accident occurred.

■ There was no other evidence as to the cause of the accident. The mere fact that plaintiff slipped and fell which, he argues, "does not usually happen on a dry clean deck, free from water or other slippery substance" is no evidence whatsoever of unseaworthiness. I therefore find the plaintiff has failed to establish that the vessel was in any way unseaworthy.

Since the plaintiff relied solely on alleged unseaworthiness there is no liability on the part of the defendant who is entitled to judgment. Judgment for the defendant will be entered accordingly.

It is so ordered.